# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

PHILLIP SCOTT                    :

        **Plaintiff**          :          **CIVIL ACTION NO. 17-1106**

        **v.**                      :                    **(JUDGE MANNION)**

NANCY A. BERRYHILL[1]         :

        **Defendant**        :

## MEMORANDUM

Pending before the court is the report and recommendation of Chief Magistrate Judge Susan E. Schwab ("Report"), which recommends that the decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's application for Supplemental Social Security Income Benefits ("SSI") should be affirmed (Doc. 12). The plaintiff has filed objections to the Report

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. On March 6, 2018, the Government Accountability Office stated that, as of November 17, 2017, Ms. Berryhill's status violated the Federal Vacancies Reform Act, which limits the time a position can be filled by an acting official and "[t]herefore Ms. Berryhill was not authorized to continue serving using the title of Acting Commissioner..." *Violation of the Time Limit Imposed by the Federal Vacancies Reform Act of 1988 Commissioner, Social Security Administration.* Government Accountability Office. March 6, 2018. However, Ms. Berryhill continues to functionally lead the Social Security Administration from her position of record as Deputy Commissioner of Operations. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security, as the defendant in this suit.

(Doc. 13), which the Commissioner filed a response to on August 8, 2018. (Doc. 14). Based upon the court's review of the record in this matter, the Report will be adopted in its entirety; the plaintiff's objections will be overruled; and the decision of the Commissioner will be affirmed.

## I.   STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F. 3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)

(explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II.    PLAINTIFF'S OBJECTIONS

### A. Failure to Consider Plaintiff's Explanation(s) under SSR 96-7p

Plaintiff asserts that Judge Schwab erred by failing to consider that under SSR 96-7p, an ALJ may not draw any inferences from an individual's failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide. (Doc. 13 at 3). The relevant portion of SSR 96-7p states:

> [T]he adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations *that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment.* The adjudicator *may* need to recontact the individual or question the individual at the administrative proceeding in order to determine whether there are good reasons the individual does not seek medical treatment or does not pursue treatment in a consistent manner.

SSR 96-7p (emphasis added). The text of SSR 96-7p does not impose any obligation on the adjudicator to consider an individual's explanations that were

provided by the individual him/herself. On the contrary, the language is clear that an adjudicator can consider either an explanation "that the individual may provide," or "other information in the case record."

It was not improper for the ALJ to deem plaintiff less credible and/or give little weight to the doctors' opinions since plaintiff fails to offer a "good reason" as to why he failed to follow the prescribed treatment plan. *Vega v. Commissioner of Social Sec.*, No. 09-2340, 2009 U.S. App. WL 5031363, at **2 (3d Cir. Dec. 23, 2009); *see* SSR 96-7p. Above all, "[t]he ALJ did not consider plaintiff's noncompliance dispositive; rather, the ALJ properly considered such noncompliance as a factor in evaluating Plaintiff's credibility when looking at the record as a whole." *Houdeshel v. Berryhill*, No. 16-01481, 2017 U.S. Dist. WL 4347163, at *5 (M.D. Pa. Sept. 29, 2017).

## B. Imposing Burden on Plaintiff

Next, plaintiff argues that Judge Schwab erred by placing a burden to establish a reason that plaintiff failed to seek or pursue treatment on the plaintiff rather than upon the ALJ. (Doc. 13 at 5).

Under SSR 96-7p, there is neither a burden on the claimant to provide an explanation, nor a burden on the adjudicator to elicit an explanation regarding the claimant's failure to seek or pursue regular medical treatment.

As emphasized above, the claimant **may** provide an explanation and the adjudicator can consider **either** the claimant's explanation, **or other information in case record**; but neither of the burdens implied by plaintiff's objection are found within SSR 96-7p. *See* SSR 96-7p (emphasis added).

## C. Record Restricted to Evidence Adduced at ALJ Hearing

Lastly, plaintiff argues that Judge Schwab erred in failing to consider that plaintiff was not permitted to offer an explanation after the ALJ hearing, as to why he failed to seek or pursue treatment. (Doc. 13 at 5).

In his brief, plaintiff argues that the ALJ erred and "cannot rely upon allegedly conservative treatment as substantial inconsistent evidence to reject a treating source opinion without considering possible explanations…" (Doc. 9 at 16). Plaintiff's current objection relies on Judge Schwab's response, which states, "Mr. Scott's [plaintiff's] argument is further undermined in that he fails to provide any reasoning on the issue of what the ALJ was supposed to consider in his determination." (Doc. 12 at 20). Clearly, Judge Schwab was not asking the plaintiff to retroactively tell the court what these possible explanations are, but rather she was emphasizing that without specifically telling the court what the ALJ failed to consider from the administrative record, his argument lacks weight.

## III. CONCLUSION

In light of the foregoing, Judge Schwab's Report will be adopted in its entirety and the Commissioner's decision denying plaintiff's claim shall be affirmed.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 4, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1106-01.docx